IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEMETRIC PEARSON,<br>      Plaintiff | \* |
| | \* |
| v. | CIVIL ACTION NO. RDB-03-1705 |
| | \* |
| MARY ANN SAAR, *et al.*,<br>      Defendants | \* |
| | \*\*\*\*\*\*\* |

## **MEMORANDUM OPINION**

On June 9, 2003, Plaintiff, an inmate in the custody of the Maryland Division of Corrections filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Paper No. 1). Due to the large number of civil rights cases filed by Plaintiff, the case was placed on inactive/unassigned status. The case was activated on March 21, 2005. (Paper No. 8).

Plaintiff states that on April 1, 2000, he was placed on disciplinary segregation and his allowable property was confiscated. (Paper No. 1). He states that he believed his legal papers, including his trial transcripts and P.S.I. would be returned to him on April 11, 2000, at his disciplinary hearing. Rather, Plaintiff states that Cpl. Robinson threw out Plaintiff's legal papers in retaliation for the way Plaintiff presented his defense at his disciplinary hearing. Plaintiff further states that on April 17, 2000, Cpl. Appel admitted that Plaintiff's legal papers had been taken from him. (*Id.*) The Complaint is signed and dated May 29, 2003. (*Id*.)

Defendants have filed a Motion to Dismiss. (Paper No. 16). Plaintiff has filed a response. (Paper No. 19). No hearing is necessary to resolve the issues presented in this case. *See* Local Rule 105.6 (D. Md. 2004).

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)). "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).      Plaintiff's claim must be dismissed because it has been filed outside the applicable statute of limitations. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 266 (1985); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox v. Stanton*, 529 F.2d at 50. The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. (*Id*.) Here, Plaintiff, at the latest, should have known of his injury on April 17, 2000, when Cpl. Appel stated in his presence that Plaintiff's property had been confiscated. Because Plaintiff failed to file the instant complaint until more than three years after said time period, it is clear that the statute of limitations now bars consideration of his claim.

In light of the foregoing, the undersigned concludes that Defendants' Motion to Dismiss shall be granted.    A separate Order follows.


July 28, 2005                                          /s/
  Date                                                       RICHARD D. BENNETT
                                                       UNITED STATES DISTRICT JUDGE